**STATE of Minnesota, Respondent,**

v.

**Steven Jude LaBATTE, Appellant.**

**No. C9–90–1987.**

Supreme Court of Minnesota.

Feb. 28, 1992.

William Kennedy, Hennepin County Public Defender, Peter W. Gorman, Asst. County Public Defender, Minneapolis, for appellant.

Michael Freeman, Hennepin Co. Atty., Gary S. McGlennen, Asst. Hennepin Co. Atty., Minneapolis, and Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

COYNE, Justice.

This is another criminal appeal—*see State v. Olson*, 482 N.W.2d 212 (Minn. 1992), filed herewith—in which the issue is whether the trial court committed prejudicial error in instructing the jury on one of the statutory inferences recognized by the legislature in 1989 for application in drug prosecutions. Holding that the trial court erred in instructing the jury as it did but that the error was not prejudicial, we affirm the court of appeals, which concluded that defendant is not entitled to a new trial.

A Minneapolis officer lawfully stopped a car driven by defendant after the officer saw the car in a parking lot in an industrial area of Minneapolis late on January 6, 1990. Defendant immediately got out of the car with his hands up. His passenger remained in the car. Asked for his driver's license, defendant said he did not have one and falsely said that his name was James Carlson. The officer then heard the voice of a police dispatcher transmitted by a police scanner beneath the driver's seat. Defendant admitted that he knew it was a gross misdemeanor to have the scanner.

Defendant then said there was an air gun beneath the passenger seat. After directing the passenger to get out of the car, the officer knelt down to seize the gun. It was then that the officers saw a plastic package containing cocaine powder on the driver's side of the bench seat. An officer from another squad car that had arrived on the scene arrested defendant.

On January 8 a narcotics investigator gave defendant a *Miranda* warning preparatory to questioning him. Before being asked any questions, defendant said that he knew the drugs were in the car and that

he lied about his name because his license had been revoked. The investigator asked if the drugs belonged to defendant or the passenger, and defendant answered that he did not know if he should say and then said, "I'm in a big jam."

Minnesota Statute § 152.028, subd. 2 (1990) provides as follows:

> The presence of a controlled substance in a passenger automobile permits the factfinder to infer knowing possession of the controlled substance by the driver or person in control of the automobile when the controlled substance was in the automobile. This inference may only be made if the defendant is charged with violating section 152.021, 152.022, 152.-023, or 152.0261. The inference does not apply:
>
> (1) to a duly licensed operator of an automobile who is at the time operating it for hire in the lawful and proper pursuit of the operator's trade;
>
> (2) to any person in the automobile if one of them legally possesses a controlled substance; or
>
> (3) when the controlled substance is concealed on the person of one of the occupants.

Over objection by defense counsel, the trial court instructed the jury as follows:

> When cocaine is present in a passenger automobile, the law permits you to infer knowing possession of cocaine by the driver or person in control of the automobile when the cocaine was in the automobile. This inference does not apply when the cocaine is concealed on the person of one of the occupants.

The jury found defendant guilty of third-degree controlled substance crime. The trial court sentenced him to 68 months in prison, with execution stayed.

For the same reasons on which we relied in *State v. Olson*, 482 N.W.2d 212 (Minn. 1992), filed herewith, dealing with the inference recognized by section 152.028, subdivision 1, we hold that the trial court erred in instructing the jury as it did.

However, in this case our reading of the record satisfies us beyond a reasonable doubt that the error in so instructing the jury was not prejudicial error requiring a new trial. It is true that, as in *Olson*, the prosecutor emphasized in closing argument that the inference she was urging upon the jury was a statutory inference. But there are other factors present in this case not present in *Olson*. Not only was defendant in control of the car but the drugs were found on the driver's side of the bench seat where defendant had been seated, not on the passenger's side. Furthermore, and of critical significance, defendant's conduct and statements at the scene and his statements when he was questioned at the police station subsequent to his arrest are highly indicative of guilt. We are therefore satisfied beyond a reasonable doubt that the error in instructing the jury on the inference did not have a significant impact on the jury in reaching the guilty verdict.

Affirmed.